No. 24-2032

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

UNITED STATES OF AMERICA,

Appellee,

v.

BEVELYN WILLIAMS,

Appellant.

_____

**REPLY MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT
APPELLANT FOR BAIL PENDING APPEAL**

Appeal from the Unites States District Court
For the Southern District of New York
Before the Honorable Jennifer L. Rochon

Florian Miedel, Esq.
MIEDEL & MYSLIWIEC LLP
52 Duane Street, 7th Floor
New York, New York 10007
212-616-3042

*Counsel for Appellant Bevelyn Williams*

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................1

ARGUMENT ................................................................................................1

    A.  Appellant Williams Is Not a Flight Risk ........................................1

    B.  Substantial Questions.....................................................................3

        1.  First Amendment Instruction..................................................3

        2.  Constitutional Challenges to the FACE Act .........................5

CONCLUSION .............................................................................................7

COMPLIANCE CERTIFICATE………………………………………......8

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page(s)**

*Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022)...........................5

*Holder v. Humanitarian L. Project*, 561 U.S. 1 (2010)………………………….…5

*United States v. El-Mezain*, 664 F.3d 467, 536 (5th Cir. 2011) ...............................4

*United States v. Hassan*, 742 F.3d 104, 128 (4th Cir. 2014) ...................................4

*United States v. Hunt*, 82 F.4th 129, 137 (2d Cir. 2023) ..........................................4

*United States v. Hunt*, 573 F.Supp.3d 779, 814 (EDNY 2021)................................4

*United States v. Morrison*, 529 US 598 (2000) ......................................................6

*United States v. Weslin*, 156 F.3d 292 (2d Cir. 1998) ..............................................6


**Statutes**

18 U.S.C. § 115…………………………………………………………………….4

18 U.S.C. § 248(a)(1)(2)(d)(1)..................................................................................3

18 U.S.C. § 3143(b) ..............................................................................................1,5,7

**INTRODUCTION**

This memorandum is submitted in reply to the government's opposition (Govt. Opp.), filed on November 27, 2024, to Ms. Williams's motion for bail pending appeal, filed on November 17, 2024. Appellant Williams relies fully on the arguments made in her original motion and nothing stated herein should be considered a substitution for previous arguments. For the reasons stated below, and in the original motion, bail should be granted to Ms. Williams because she has clearly established that she is not a flight risk and because she is raising substantial questions on appeal that, if successful, would result in reversal and dismissal or a new trial. *See* 18 U.S.C. § 3143(b).

**ARGUMENT**

A. <u>Appellant Williams Is Not a Flight Risk</u>

Not surprisingly, the government devotes only one paragraph of its 25-page opposition[1] to defending the district court's startling finding that Ms. Williams represents a flight risk. The district court's finding lacks any support in the record.

As discussed in the original motion, the district court did not consider Ms. Williams to be a flight risk before trial, after verdict, or even after sentencing. When the district court permitted Ms. Williams to voluntarily surrender for her 41-

---

[1] Some of which, incidentally, spends time on allegations that relate to acquitted conduct and are therefore not relevant here. *See e.g.* Govt. Opp. at 8-10.

1

month sentence, the court stated, "Ms. Williams has been perfectly compliant on pretrial supervision, and I don't see any need for remand at this time." *See* Dkt. 151 at 59. The court voiced a concern about flight risk for the first time only after a motion to adjourn Ms. Williams's surrender date to allow time for a medical procedure, and her motion for bail pending appeal were filed within two weeks of each other. Neither of these motions was frivolous – indeed, the surrender date motion was consented to by the government – and neither was filed outside of a filing deadline. It should go without saying that the filing of two, nonfrivolous, lawful motions is not a defensible basis from which to conclude that Ms. Williams was suddenly transformed into a flight risk.

To the contrary, Ms. Williams's conduct consistently demonstrated her willingness to abide by court directives. She never violated the conditions of her pretrial release. She obeyed all court orders. Most importantly, when the court denied her motion for bail pending appeal, Ms. Williams did not flee or try to find some way to avoid her custodial sentence. Instead, the next day, on October 16, 2024, Ms. Williams and her husband got in their car and drove 250 miles from their home outside of Nashville, Tennessee to Aliceville, Alabama for her to surrender to her designated Bureau of Prisons facility. If nothing else, that action proves by clear and convincing evidence that Ms. Williams is not a flight risk.

B. <u>Substantial Questions</u>

    1. *First Amendment Jury Instruction*

The first substantial question to be presented on appeal is the district court's failure to instruct the jury on the parameters of the First Amendment in a case involving protest and, more importantly, speech that could, depending on the jury's analysis, either constitute a crime or be constitutionally protected. Like the district court in its denial of bail pending appeal below, the government devotes much of its argument to the fact that the constitutionality of the FACE Act had already been decided by the district court, therefore precluding a First Amendment instruction. *See* Govt. Opp. at 12-14. The government contends that the district court's denial of a defense motion challenging the facial constitutionality of the FACE Act rendered an instruction to the jury defining the parameters of the First Amendment improper.

The government's argument misses the point. Ms. Williams's request for a First Amendment instruction was not a renewed attack on the FACE Act's constitutionality. To the contrary, it accepted the validity of the Act and sought to aid the jury in parsing the difficult questions raised by a statute that permits conviction on the basis of speech. As explained in the original motion, 18 U.S.C. § 248 can be violated by "threats of force" and by "intimida[tion]," both of which can be conduct *or* speech. The jury needed guidance on what kind of speech was

protected by the First Amendment, and what exceeded its boundaries. Just because the district court found the FACE Act constitutional on its face does not mean that particular actions or speech in a particular case did not warrant individualized First Amendment analysis.

The government also claims that the cases cited by Ms. Williams in which First Amendment instructions were appropriately given are "inapposite" because those cases did not involve the FACE Act. Govt. Opp. at 15. The government's rationale for drawing that distinction is flawed, however. It claims that unlike the statutes at issue in the cited cases, the FACE Act only punishes those who "obstruct the provision of reproductive health services," and thus "does not carry the risk that a jury properly instructed on the elements of the crime will convict based on protected First Amendment activity." *Id.* But similar arguments were made concerning 18 U.S.C. § 115, the statute in *Hunt* – that "true threats" are unprotected by the First Amendment – and the district court in that case nevertheless gave the jury a robust instruction on the First Amendment (*United States v. Hunt*, 573 F.Supp.3d 779, 814 (EDNY 2021)), and this Court specifically held that "whether words used are a true threat is a question of fact for the jury." *United States v. Hunt*, 82 F.4th 129, 137 (2d Cir. 2023). Likewise, the material support statute at issue in *United States v. El-Mezain*, 664 F.3d 467, 536 (5th Cir. 2011) and *United States v. Hassan*, 742 F.3d 104, 128 (4th Cir. 2014) was found

not to violate the First Amendment in *Holder v. Humanitarian L. Project*, 561 U.S. 1 (2010), and yet the district courts instructed the jury on the First Amendment as it applied to the facts of those cases.

Accordingly, the question of whether the district court erred in denying the defense request to instruct the jury on the parameters of the First Amendment as applied to the particular circumstances of this case is "substantial," under 18 U.S.C. § 3143(b).

### 2. *Constitutional Challenges to the FACE Act*

The government is correct that the constitutional challenges to the FACE Act that will be raised on appeal require this Court to reexamine prior precedent. But the government conflates the existence of contrary precedent – a fact which Ms. Williams readily acknowledged in her motion – with the non-existence of a colorable argument or "substantial question" regarding the validity of that precedent in 2024. The FACE Act's constitutional validity as a federal criminal statute relies on two independent but parallel powers. The first is Section 5 of the Fourteenth Amendment, which Ms. Williams argues has been impacted by *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022), since access to reproductive health care in general, and abortion services in particular, should no longer be subject to the same heightened protections as were available pre-*Dobbs* when access to abortion was considered a constitutional right. The second is the

Commerce Clause, the reach of which has been increasingly questioned and whittled back in the years since this court decided *United States v. Weslin*, 156 F.3d 292 (2d Cir. 1998). The challenges to each of these jurisdictional hooks are substantial questions that merit consideration by the Second Circuit, and therefore warrant Ms. Williams' release pending appeal.

To be clear, Ms. Williams does not contend that the entire FACE Act has been impacted by these changes to Commerce Clause jurisprudence. In fact, Ms. Williams concedes that § 248(a)(3), which protects reproductive health facilities, is plainly authorized by the Commerce Clause. However, Section 248(a)(1) of the FACE Act neither regulates nor protects such facilities. Instead, it proscribes acts that are intended to "injure, intimidate, or interfere with *any person* because that person is *or has been*, or in order to intimidate such person or any other person or class of persons from, obtaining or providing reproductive health services." 18 U.S.C. § 248(a)(1) (emphasis added). This is not regulation of economic activity; it is not even regulation of reproductive health facilities. Rather, it is regulation of the sort of "noneconomic" or "violent" conduct between individual persons with a subject-matter motivation that the Supreme Court ruled in *Morrison* could not extend to federal prohibitions against gender-based violence. *United States v. Morrison*, 429 U.S. 598, 617 (2000). As a result, this Court's FACE Act precedent

6

is ripe for reconsideration – and this presents a substantial question under 18 U.S.C. § 3143(b).

## CONCLUSION

For the reasons stated above and in the original motion, Appellant's motion for release pending appeal should be granted, and the Court should direct her to be released from BOP custody until such time, if it occurs, that her judgment is affirmed.

Dated:      New York, New York
            December 4, 2024

Respectfully submitted,

Florian Miedel
MIEDEL & MYSLIWIEC LLP
52 Duane Street, 7th Floor
New York, New York 10007
212-616-3042
fm@fmamlaw.com

*Counsel for Appellant Williams*

7

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

This document complies with the type-volume limit of Fed. R. App. P. 27(d) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1478 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in Microsoft Word using a proportionally spaced typeface (Times New Roman), size 14 point.

Dated:      New York, New York
            December 4, 2024

Respectfully submitted,

Florian Miedel
MIEDEL & MYSLIWIEC LLP
52 Duane Street, 7th Floor
New York, New York 10007
212-616-3042
fm@fmamlaw.com

*Counsel for Appellant Williams*

8